# Burke *v.* Davis.

### *Detinue.*

(Decided May 12, 1914. 65 South. 306.)

*Courts; Jurisdiction; Judgments; Satisfaction; Transcript.*—A recital in a transcript sent up by a justice of the peace before whom the action of detinue was tried, "the judgment of this court has been satisfied by the delivery of the property sued for, by defendant to the plaintiff," is not conclusive that the judgment was discharged, where the transcript also showed that defendant had prayed for and obtained an appeal to the circuit court, and hence, the circuit court was not without jurisdiction to entertain the appeal.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by Tom Burke against Jenks Davis to recover a gray mare. Plaintiff had judgment in the justice court on May 3, 1913, for the possession of the mare, and afterwards, on May 8, 1913, defendant removed the case by appeal to the circuit court, whereupon plaintiff moved to dismiss the appeal, because the transcript from the justice of the peace showed that the defendant had satisfied the judgment by delivering the mare sued for to plaintiff. The court overruled the motion, and upon the trial in circuit court defendant had judgment, from which the plaintiff appeals. Affirmed.

FELIX L. SMITH, for appellant It appeared that the judgment had been satisfied, and if it was satisfied it

could not have been enforced by execution, and the circuit court was without jurisdiction to entertain the appeal.

No counsel marked for appellee.

WALKER P. J.—The single assignment of error is aimed at the action of the court below in overruling the motion of the appellant, who was the plaintiff in the suit, to dismiss the appeal of the defendant from the judgment rendered against him by the justice of the peace, on the ground that that judgment was satisfied before the appeal was taken. The ground stated in the motion was sought to be proved by the introduction in evidence of the transcript of the justice of the peace, which was on file in this case; the part of such transscript which was relied on as constituting evidence on the existence of the ground stated in the motion being the following recital, which immediately followed the justice's entry of judgment in favor of the plaintiff:

"The judgment of this court has been satisfied by the delivery of the property sued for by the defendant to the plaintiff."

It is to be noted that the fact, and the only fact, stated in this recital is "the delivery of the property sued for by the defendant to the plaintiff." The recital further evidences the existence of a conclusion or opinion on the part of the justice that the result of the fact stated was to satisfy the judgment. If what was done did not have the effect of satisfying the judgment, the justice's opinion or conclusion that it did could not change the result.

The recital does not import the existence of a purpose or intention on the part of the defendant to satisfy the judgment by delivering the property sued for. The

fact, also disclosed by the justice's transcript, that on the day of the rendition of the judgment the defendant prayed for and obtained an appeal to the circuit court, with sureties executing an appeal bond in due form, suggests the absence of intention on his part to satisfy the judgment in a case a trial de novo of which he was securing by perfecting his appeal. His testimony on the hearing of the motion was to the effect that he did not deliver the property sued for in satisfaction of the judgment of the justice of the peace, but that such delivery was made in order to comply with the terms of a forthcoming bond which he had executed, and in pursuance of a suggestion of the justice that such delivery was required in order to comply with the condition of that bond.

The evidence on the hearing of the motion was not such as to require a finding that the delivery of the property was made in satisfaction of the judgment of the justice of the peace, or that that judgment was satisfied before the appeal was taken. It follows that the court was not in error in overruling the motion.

Affirmed.